UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOE KLUNDER

v.

C.A. NO. 10-410-ML

BROWN UNIVERSITY IN PROVIDENCE IN THE
STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS, and others

## ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND OF DEFENDANT BROWN UNIVERSITY AND ALL OTHER DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 8(b) and 12(a)(4) Defendant Brown

University ("Brown" or the "University") and the other Defendants answer the Complaint as

follows:

*Nature of the Case*

1.    Admitted.

2.    The Defendants deny the allegations of paragraph 2 of the Complaint to the extent

that it purports to make allegations against one or more of the Defendants.

3.    The Defendants deny the allegations of paragraph 3 of the Complaint to the extent

that it purports to make allegations against one or more of the Defendants.

4.    Denied.

5.    The Defendants deny the allegations of paragraph 5 of the Complaint to the extent

that it purports to make allegations against one or more of the Defendants.

6.    The Defendants admit that Plaintiff resided in Orange County California at the

time of his application to the University. The Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint.

7.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8of the Complaint.

9.     The Defendants admit that Plaintiff spoke on numerous occasions with several deans in the Office of Student Life. The paragraph does not specify the name of the person to whom the Plaintiff spoke and therefore the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.    The Defendants admit that Plaintiff spoke on numerous occasions with several deans in the Office of Student Life. The paragraph does not specify the name of the person to whom the Plaintiff spoke and therefore the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.    Denied.

12.    Denied.

13.    Denied.

14.    The Defendants admit that Plaintiff was charged with threatening another student. The Defendants deny the remaining allegations of paragraph 14 of the Complaint.

15.    The Defendants admit only that the University removed Plaintiff from the campus on an emergency and interim basis in accordance with the Non-Academic Disciplinary Procedures of the University. The Defendants further admit that the University provided Plaintiff with a hotel accommodation and air transportation prior to his return to his parents' residence in

California. The Defendants admit that a Brown dean from the Student Life Office and a Brown police officer transported the Plaintiff to his hotel.

16.     Denied.

17.     Admitted.

18.     Denied.

19.     Denied.

20.     Admitted.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

*Statement of Jurisdiction and Venue*

25.     Denied.

26.     Denied

27.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Brown University was created by colonial charter, the contents of which speaks for itself.

29.     The Defendants admit that they are subject to this court's personal jurisdiction.

30.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

*Parties*

31.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.    Brown University was created by colonial charter, the contents of which speaks for itself.

33.    The Defendants admit that Ruth Simmons has been President of Brown University since July 3, 2001.

34.    The Defendants admit that Defendants Addison, Bova and Ward are Brown employees who work as deans in the Office of Student Life and participated in the non-academic disciplinary process related to the Plaintiff. The Defendants deny the remaining allegations of paragraph 34 of the Complaint.

35.    The Defendants admit that Defendant Klawunn is a Brown employee who was Dean of Student Life and is now Vice President for Campus Life and Student Services and participated in the non-academic disciplinary process related to the Plaintiff. The Defendants deny the remaining allegations of paragraph 35 of the Complaint.

36.    The Defendants admit that Defendant Kertzer is a Brown employee who is Provost of the University.

37.    The Defendants admit that Defendant Grappuso was the hearing officer in the non-academic disciplinary process related to the Plaintiff.

38.    The Defendants admit that Defendant Hansen was a Brown employee until June 30, 2010 and that she was employed by Brown as an Associate Dean of Student Life and not as a licensed social worker. The Defendants deny the remaining allegations of paragraph 38 of the Complaint.

4

39.     Admitted.

40.     The Defendants admit that Yolanda Castillo-Appollonio is a Brown employee and is an Assistant Dean of Student Life. Castillo-Appollonio was not employed as an attorney by Brown.

41.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     The Defendants admit that Brown University has previously been a party to lawsuits in this Court.

*The History of Brown and Applicability of Constitutional Guarantees*

43.     Brown University was created by colonial charter, the contents of which speaks for itself.

44.     Brown University was created by colonial charter, the contents of which speaks for itself.

45.     Brown University was created by colonial charter, the contents of which speaks for itself.

46.     Brown University was created by colonial charter, the contents of which speaks for itself.

47.      Brown University was created by colonial charter, the contents of which speaks for itself.

48.     Brown University was created by colonial charter, the contents of which speaks for itself.

49.     The Defendants admit that in September 1803 the Brown Corporation voted that a donation of $5,000 within a year would entitle the donor to name the college.

50.    The Defendants admit that on September 6, 1804, Nicholas Brown donated $5,000 for the establishment of a "Professorship of Oratory & Belles Letters ."

51.    The Defendants admit that the Corporation voted, "That this College be called and known in all future time by the Name of Brown University in Providence in the State of Rhode Island, and Providence Plantations."

52.    Brown University was created by colonial charter, the contents of which speaks for itself.

53.    Brown University was created by colonial charter, the contents of which speaks for itself.

54.    Paragraph 54 of the Complaint states a conclusion of law and Brown neither admits nor denies the allegations in the paragraph.

55.    Paragraph 55 of the Complaint states a conclusion of law and Brown neither admits nor denies the allegations in the paragraph.

56.    Paragraph 56 of the Complaint states a conclusion of law and Brown neither admits nor denies the allegations in the paragraph.

57.    Brown University police have police powers through the authority of the Rhode Island General Laws.

*The Contract with Brown*

58.    Admitted.

59.    Denied.

60.    Paragraph 60 of the complaint states a conclusion of law, and Brown neither admits nor denies the allegations of this paragraph and leaves Plaintiff to his proof of the same.

61.    Admitted.

62.     Defendants deny the allegations as stated in paragraph 62 of the Complaint.

63.     Defendant admits that one of the rights that members of the Brown community are entitled to as a part of the code of student conduct is the right of the free exchange of ideas. Except as specifically admitted, Defendants deny the allegations as stated in paragraph 63 of the complaint.

64.     Admitted.

65.     Denied.

*Other Facts*

66.     Admitted.

67.     Admitted.

68.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70.     The Defendant deny the allegations as stated in paragraph 70 of Plaintiff's complaint.

71.     The Defendants admit that in each of his first three semesters the Plaintiff received As or satisfactory grades.

72.     The Defendant deny the allegations as stated in paragraph 72 of Plaintiff's complaint.

73.     The Defendants deny that doctors or other health providers working at Butler Hospital are employed by Brown.   The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 of the Complaint.

74. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77. The Defendants deny the allegations as stated in paragraph 77 of Plaintiff's complaint.

78. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79. The Defendants deny the allegations contained in paragraph 79 of Plaintiff's complaint.

80. The Defendants deny allegations contained in paragraph 80 of Plaintiff's complaint.

81. The Defendants admit that Plaintiff spoke with Defendant Hansen. The Defendants have no knowledge about Plaintiff's knowledge or belief concerning Defendant Hansen.

82. The Defendants admit that Defendant Hansen met with Plaintiff as a student life dean and not as a licensed social worker and that she properly handled information conveyed to her as a dean. The Defendants admit that the quoted material is taken from a note prepared by Defendant Hansen. The Defendants deny the remaining allegations as stated in paragraph 82 of the Complaint.

83. Admitted.

84.     Admitted.

85.     The Defendants admit that Plaintiff asked Defendant Hansen, "I know what it is like when I am kissing my girlfriend, and I feel my chest against her breasts, but what does it feel like for you with your girlfriend?" The Defendants further admit that Plaintiff told Defendant Hansen about several incidents. The Defendants deny the remaining allegations as stated in paragraph 85 of the Complaint.

86.     Admitted.

87.     The Defendants deny the alleged characterization of Defendant Hansen's report as "prosecuting." The Defendants admit the remaining allegations as stated in paragraph 87 of the Complaint.

88.     The Defendants admit that Brown received a written statement from two University employees concerning their interaction with Plaintiff on May 25, 2005. The Defendants deny that the allegations as pled in paragraph 88 of the Complaint accurately and fully describe the matters reported by the two employees.

89.     The Defendants deny that the allegations as pled in paragraph 88 of the Complaint accurately and fully describe the matters reported by the two employees.

90.     Admitted.

91.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.

92.     Denied.

93.     The Defendants deny that Plaintiff took a leave of absence from the University. Except as specifically admitted, Defendants denies the allegations contained in paragraph 93 of Plaintiff's complaint.

94.     The Defendants admit that Plaintiff returned from a leave of absence from the University. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95.     The Defendants admit that Brown received a report to this effect.

96.     The Defendants admit that Brown received written statements from two University students concerning their interaction with Plaintiff on September 10, 2007. The Defendants deny that the allegations as pled in paragraph 96 of the Complaint accurately and fully describe the matters reported by the two students.

97.     The Defendants admit that Brown received written statements from two University students concerning their interaction with Plaintiff on September 10, 2007. The Defendants deny that the allegations as pled in paragraph 97 of the Complaint accurately and fully describe the matters reported by the two students.

98.     The Defendants admit that Brown received written statements from two University students concerning their interaction with Plaintiff on September 10, 2007. The Defendants deny that the allegations as pled in paragraph 98 of the Complaint accurately and fully describe the matters reported by the two students.

99.     The Defendants deny the alleged characterization of Dean Addison's communication with the Plaintiff.

100.    The Defendants deny the alleged characterization of Dean Addison's communication with the Plaintiff.

101.    Denied.

102.    The Defendants deny the alleged characterization of Dean Castillo-Appollonio's communication with the Plaintiff. The Defendants deny that Dean Castillo-Appollonio was

employed as an attorney. The Defendants deny the remaining allegations as stated in paragraph 85 of the Complaint.

103.   The Defendants deny the alleged characterization of Dean Addison's communication with the Plaintiff.

104.   The Defendants deny the alleged characterization of Dean Addison's communication with the Plaintiff.

105.   The Defendants deny the alleged characterization of Dean Addison's communication with the Plaintiff.

106.   Denied.

107.   The Defendants admit only that the University removed Plaintiff from the campus on an emergency and interim basis in accordance with the Non-Academic Disciplinary Procedures of the University. The Defendants deny the alleged characterization of Dean Klawunn's communication with the Plaintiff.

108.   Defendants deny the allegations as stated in paragraph 108 of Plaintiff's complaint and leaves Plaintiff to his proof.

109.   Defendants deny the allegations as stated in paragraph 109 of Plaintiff's complaint and leaves Plaintiff to his proof.

110.   Defendants deny the allegations as stated in paragraph 110 of Plaintiff's complaint and leaves Plaintiff to his proof.

111.   The Defendants admit only that the University removed Plaintiff from the campus on an emergency and interim basis in accordance with the Non-Academic Disciplinary

Procedures of the University. The Defendants deny the alleged characterization of Plaintiff's interaction with Dean Ward and Sergeant Enos.

112.    The Defendants admit only that the University removed Plaintiff from the campus on an emergency and interim basis in accordance with the Non-Academic Disciplinary Procedures of the University. The Defendants deny the alleged characterization of Plaintiff's interaction with Dean Ward and Sergeant Enos.

113.    The Defendants admit only that the University removed Plaintiff from the campus on an emergency and interim basis in accordance with the Non-Academic Disciplinary Procedures of the University. The Defendants deny the alleged characterization of Plaintiff's interaction with Dean Ward and Sergeant Enos.

114.    The Defendants admit only that the University removed Plaintiff from the campus on an emergency and interim basis in accordance with the Non-Academic Disciplinary Procedures of the University. The Defendants deny the alleged characterization of Plaintiff's interaction with Dean Ward and Sergeant Enos.

115.    The Defendants deny the alleged characterization of Sergeant Eno's stated opinion.

116.    Defendants deny the allegations as stated in paragraph 116 of Plaintiff's complaint.

117.    Admitted.

118.    Admitted.

119.    The Defendants deny the alleged characterization of Defendant Bova's appointment as Plaintiff's advisor.

120.    The Defendants deny the alleged characterization of Dean Addison's communication with the Plaintiff.

121.    Defendants deny the allegations as stated in paragraph 121 of Plaintiff's complaint.

122.    Defendants admit that the hearing officer was Dean Philip Grappuso.  Except as admitted Defendants deny the allegations as stated in paragraph 122 and leaves Plaintiff to his proof of the same.

123.    Denied.

124.    The Defendants admit that certain Brown deans were present at the hearing.

125.    The Defendants deny the alleged characterization of the Brown participants at the hearing.

126.    The Defendants deny the alleged characterization of the conduct of the hearing.

127.    The Defendants deny the alleged characterization of the conduct of the hearing.

128.    The Defendants deny the alleged characterization of the conduct of the hearing.

129.    The Defendants deny the alleged characterization of the conduct of the hearing.

130.    The Defendants deny the alleged characterization of Dean Klawunn's communication with the Plaintiff.

131.    Defendants deny the allegations as stated in paragraph 131 and leaves Plaintiff to his proof of the same.

132.    Defendants deny the allegations as stated in paragraph 132 and leaves Plaintiff to his proof of the same.

133.    Defendants deny the allegations as stated in paragraph 133 and leaves Plaintiff to his proof of the same.

134.   Defendants deny the allegations as stated in paragraph 134 and leaves Plaintiff to his proof of the same.

135.   The allegations of paragraph 135 are argumentative and conclusory and are denied.

136.   The Defendants deny the alleged characterization of Plaintiff's appeal.

137.   Denied.

138.   Denied.

139.   Denied.

*Statement of Claims*

**Count One—Declaratory Judgment**

**(Against all Defendants)**

140.   The Defendants repeat and incorporate their responses to paragraphs 1 – 139.

141.   The Defendants request that Plaintiff's requested declaration be denied.

**Count Two—Violation of 42 U.S.C. 1983**

**(Against all Defendants)**

142.   The Defendants repeat and incorporate their responses to paragraphs 1 - 141.

143.   Denied.

144.   Denied.

145    Denied.

145.   Denied.

### Count Three-- Violation of 42 U.S.C. 1983

### Failure to Supervise and/or Train

### (Against Defendants Brown University and Simmons)

147.    The Defendants repeat and incorporate their responses to paragraphs 1 - 146.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

### Count Four—Civil Conspiracy

### (Against all Defendants)

153.    The Defendants repeat and incorporate their responses to paragraphs 1 - 152.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

### Count Five—Breach of Contract

### (Against Defendant Brown University only)

158.    The Defendants repeat and incorporate their responses to paragraphs 1 - 157.

159.    Denied.

160.    Denied.

161.    Denied.

## Count Six—Breach of the Covenant of Good Faith and Fair Dealing

### (Against Defendant Brown University only)

162.   The Defendants repeat and incorporate their responses to paragraphs 1 - 161.

163.   Denied.

164.   Denied.

165.   Denied.

## Count Seven—Intentional and/or Negligent Infliction of Emotional Distress

### (Against all Defendants)

166.   The Defendants repeat and incorporate their responses to paragraphs 1 - 165.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

## Count Eight—False Arrest

### (Against Defendants Brown University, Addison, Ward, Enos, and Klawunn)

172.   The Defendants repeat and incorporate their responses to paragraphs 1 – 171.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

## Count Nine—False Imprisonment

### (Against Defendants Simmons, Kertzer, Klawunn and Brown University)

178.   The Defendants repeat and incorporate their responses to paragraphs 1 – 177.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

## Count Ten—Negligence

### (Against Defendants Simmons, Kertzer Klawunn and Brown University)

183.   The Defendants repeat and incorporate their responses to paragraphs 1 – 182.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

## Count Eleven—Breach of the Duty of Confidentiality and Loyalty

### (Against Defendant Hansen only)

190.   The Defendants repeat and incorporate their responses to paragraphs 1 – 189.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied.

195.   Denied.

## RESPONSE TO PLAINTIFF'S PRAYERS FOR RELIEF

185.   The Defendants deny that Plaintiff is entitled to any of the prayers for relief sought in the Amended Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Having fully answered the Complaint, the Defendants for their defenses, state as follows:

### First Affirmative Defense

At all times relevant to the allegations stated in the Complaint, the University and the other Defendants acted properly in its investigation of and disciplinary process in response to the allegations against Plaintiff.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by his own conduct.

### Third Affirmative Defense

To the extent that a contractual relationship existed between Plaintiff and Brown, his contract claims are barred by the University's fulfillment of all of its contractual obligations.

### Fourth Affirmative Defense

Plaintiff's negligence claims are barred, in whole or in part, by his own comparative negligence.

### Fifth Affirmative Defense

Plaintiff's claims, in whole or in part are barred by the doctrine of waiver.

### Sixth Affirmative Defense

At all relevant times as stated in the Amended Complaint, Brown and the other Defendants acted in accordance with the University's obligations under Title IX and any other applicable federal and state laws in responding to the allegations against Plaintiff as reported to the Defendants.

### Seventh Affirmative Defense

Defendant affirmatively asserts that there is no basis in law or fact for any valid claim against this defendant for either punitive or compensatory damages.

### Eight Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Ninth Affirmative Defense

The Plaintiff's complaint does not set forth any legally binding duty violated by Defendant Brown University, nor do the claims allege any violation of any legally recognized duty by Defendant Brown University.


WHEREFORE, the Defendants prays that this Court enter a Final Judgment in their favor and with prejudice to the Plaintiff as to all counts pled against the Defendants in the Complaint, award attorney's fees and costs to the Defendants, and grant such other relief as just and proper.


### JURY TRIAL DEMAND

The Defendants demand a jury trial to adjudicate all claims and defenses in this litigation that are so triable.

BROWN UNIVERSITY

By Its Attorneys,

James M. Green (#3590)
Deputy Counsel
Brown University
110 South Main Street
Providence, RI  02903
(401) 863-9400
(401) 863-1199 (Fax)
jmgreen@brown.edu

Edward von Gerichten (#3210)
Associate Counsel
Brown University
110 South Main Street
Providence, RI  02903
(401) 863-9400
(401) 863-1199 (Fax)

## CERTIFICATE OF SERVICE

I certify that, on November 12th, 2010, this document was filed through the Court's CM/ECF system and served electronically upon the following counsel of record:

Leon Blais
Blais & Parent
20 Cabot Boulevard Suite 300
Mansfield, MA 02048