UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOE KLUNDER,
                  Plaintiff,

v.                                         C.A. No. 10-410 ML

TRUSTEES AND FELLOWS OF THE COLLEGE
OR UNIVERSITY IN THE ENGLISH COLONY OF
RHODE ISLAND AND PROVIDENCE PLANTATIONS, IN
NEW ENGLAND, IN AMERICA, later known as BROWN
UNIVERSITY IN PROVIDENCE IN THE STATE OF RHODE
ISLAND, AND PROVIDENCE PLANTATIONS; RUTH
SIMMONS (in her individual and official capacities);
CARLA HANSEN (in her individual and official capacities);
MARGARET KLAWUNN (in her individual and official capacities);
TERRY ADDISON (in his individual and official capacities);
J. ALLEN WARD (in his individual and official capacities);
RICHARD BOVA (in his individual and official capacities);
ROBERT ENOS (in his individual and official capacities);
PHILIP GRUPPUSO (in his individual and official capacities);
DAVID KERTZER (in his individual and official capacities);
YOLANDA CASTILLO APPOLLONIO, ESQ. (in her individual
and official capacities); JANE DOE, ESQ. (a Brown University
attorney presently unknown to Plaintiff) (in her individual and
official capacities),
                  Defendants.

## MEMORANDUM AND ORDER

Plaintiff, Joe Klunder ("Plaintiff") has filed an eleven-count complaint against Brown

University ("Brown") and individuals associated with Brown (collectively "Defendants")

alleging violations of 42 U.S.C. § 1983 and Rhode Island state law. The matter is before the

Court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

I.  Procedural Background

Plaintiff filed his complaint on October 5, 2010.  On July 13, 2011, the Court granted in part and denied in part Defendants' motion for partial summary judgment, and denied Plaintiff's motion for partial summary judgment, as to Count 1 of the complaint.  On October 16, 2012, Defendants filed a motion to dismiss counts 1-4, 7 (partial), 8, 9 and 11.  On October 19, 2012, Defendants filed a motion to amend/correct the answer to add a statute of limitations defense.  The Court granted Defendants' motion to amend/correct on November 9, 2012.

II.  Standard of Review

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiff taking all well-pleaded facts as true and giving Plaintiff the benefit of all reasonable inferences.  Arruda v. Sears, Roebuck & Co., 310 F.3d 13 (1st Cir. 2002).  If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied.  Vartanian v. Monsanto Co., 14 F.3d 697 (1st Cir. 1994).  "The complaint must allege a plausible entitlement to relief in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (internal quotation marks and citation omitted).  The "plausibility" requirement, however, is not akin to a "standard of likely success on the merits[,]" but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor."  Sepulveda-Villarini v. Department of Education of Puerto Rico, 628 F.3d 25, 30 (1st Cir. 2010).

"Affirmative defenses, such as the statue of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided the facts establishing the defense [are] clear on the face of plaintiff's pleadings."  Santana-Castro v. Toledo-Davila, 579

F.3d 109, 113-14 (1st Cir. 2009) (internal quotation marks and citation omitted). "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." Id. at 114. (internal quotation marks and citation omitted).

### III.  Analysis

Plaintiff enrolled at Brown during the 2003-2004 academic year.  According to the complaint, on September 12, 2007, Defendant Margaret Klawunn informed Plaintiff in writing that he was being ejected from the Brown campus.  Late that afternoon, Defendants Terry Addison ("Addison"), J. Allen Ward ("Ward"), and Brown police officer Robert Enos ("Enos"), escorted Plaintiff to a campus police vehicle.  Plaintiff was "ordered into the [vehicle] and was repeatedly told that he must accompany [Enos] to [a local] hotel and must remain in the hotel until he departed for California in the morning."  Docket #1; Complaint at ¶ 111.  Plaintiff, Ward and Enos then entered the vehicle.  During the ride to the hotel, Plaintiff was told he could not "visit with his friends and could not appear on Thayer Street, a public thoroughfare not part of the Brown campus.  He was further told that he must remain at the hotel and must leave on a plane in the morning which would take him home to California."  Id. at ¶ 113.

Defendants move to dismiss multiple counts of the complaint, including count 8 (state law false arrest) and count 9 (state law false imprisonment) on statute of limitations grounds. In Rhode Island, the statute of limitations for a state law claim of false imprisonment and false arrest is three years.  See Soares v. Ann & Hope of Rhode Island, Inc., 637 A.2d 339 (R.I. 1994) (false imprisonment statute of limitations is three years); Salvato v. Tourism & Development

Corp., No. P.C. 83-3394, 1985 WL 661618 (R.I. Super. Ct. Oct. 11, 1985) (action for false imprisonment is a personal injury action and statute of limitations is three years); R.I. Gen. Laws § 9-1-14(b) ("[a]ctions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue . . ."). "Typically, a cause of action accrues and the applicable statute of limitations begins to run at the time of the injury to the aggrieved party." Hill v. Rhode Island State Employees' Retirement Board, 935 A.2d 608, 616 (R.I. 2007) (internal quotation marks and citation omitted).

Reading the allegations in the complaint in the light most favorable to Plaintiff, Plaintiff was (1) detained sometime in the late afternoon on September 12, 2007, (2) removed from the Brown campus by Addison, Ward and Enos and brought to a Providence hotel, and (3) told not to return to Brown and not to leave the hotel until the following morning. Thus, giving Plaintiff the benefit of all reasonable inferences, Plaintiff's false arrest and false imprisonment claims accrued, at the *latest*, on September 13, 2007, the day he was told he could leave the hotel for his flight to his home in California.[1] Consequently, with respect to Plaintiff's false arrest and false imprisonment claims, the statute of limitations ran on September 13, 2010. Plaintiff, however, did not file his complaint until October 5, 2010, some three weeks after the statute had expired. Thus, Plaintiff's false arrest and false imprisonment claims are out of time.[2]

## IV.  Conclusion

For the reasons noted above, Defendants' motion is granted in part and denied in part.

---

[1] Because it is not material to the disposition of this matter, the Court need not determine whether either or both claims accrued on September 12 or September 13.

[2] Plaintiff's reliance on Cottrell v. Kenney, 25 R.I. 99, 54 A. 1010 (1903) is misplaced. Likewise, R.I. Gen. Laws § 9-1-18 does not assist Plaintiff's position.

The Court grants Defendants' motion with respect to count 8 (false arrest) and count 9 (false imprisonment).  The Court denies Defendants' motion in all other respects.


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
November 27, 2012