UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOE KLUNDER,
                Plaintiff,

v.                                 C.A. No. 10-410 ML

TRUSTEES AND FELLOWS OF THE COLLEGE
OR UNIVERSITY IN THE ENGLISH COLONY OF
RHODE ISLAND AND PROVIDENCE PLANTATIONS, IN
NEW ENGLAND, IN AMERICA, later known as BROWN
UNIVERSITY IN PROVIDENCE IN THE STATE OF RHODE
ISLAND, AND PROVIDENCE PLANTATIONS; RUTH
SIMMONS (in her individual and official capacities);
CARLA HANSEN (in her individual and official capacities);
MARGARET KLAWUNN (in her individual and official capacities);
TERRY ADDISON (in his individual and official capacities);
J. ALLEN WARD (in his individual and official capacities);
RICHARD BOVA (in his individual and official capacities);
ROBERT ENOS (in his individual and official capacities);
PHILIP GRUPPUSO (in his individual and official capacities);
DAVID KERTZER (in his individual and official capacities);
YOLANDA CASTILLO APPOLLONIO, ESQ. (in her individual
and official capacities); JANE DOE, ESQ. (a Brown University
attorney presently unknown to Plaintiff) (in her individual and
official capacities),
                Defendants.

ORDER

      This matter is before the Court on Plaintiff's motion for a stay pursuant to the Servicemembers Civil Relief Act[1] ("SCRA") 50 App. U.S.C. §§ 501 et. seq.[2] For the reasons

---

[1] The motion is styled as a "request for stay under the Soldier's and Sailor's Relief Act." Notice of Plaintiff's Military Service Request for Stay Under the Soldier's and Sailor's Relief Act at 1 (Docket # 53). The Court construes the motion as a request for a stay pursuant to the Servicemembers Civil Relief Act.

[2] Plaintiff's motion is not in compliance with our local rules as it does not contain a "separate memorandum of law setting forth the reasons why the relief requested should be granted and any applicable points and authorities supporting the motion." D.R.I. LR Cv 7. Counsel is reminded of the obligation to comply with this District's Local

1

stated, Plaintiff's motion is denied without prejudice.

In support of the motion, Plaintiff asserts that he will "not be available to assist counsel during the crucial period in litigation." Notice of Plaintiff's Military Service Request for Stay Under the Soldier's and Sailor's Relief Act at 1 (Docket # 53). Defendants object to the motion and argue that Plaintiff's request does not comply with the requirements of SCRA.

SCRA provides for the "suspension of legal proceedings involving persons in military service when necessary to avoid prejudice to their civil rights." Black v. Camon, No. 7:06-cv-75(HL), 2008 WL 2119914, at *1 (M.D. Georgia May 19, 2008). SCRA must be "liberally construed in favor of those who dropped their affairs to answer their country's call." Santana-Archivald v. Banco Popular De Puerto Rico, No. 11-1627 JAG, 2012 WL 2359432, at *2 (D.P.R. June 19, 2012) (internal quotation marks and citation omitted). The SCRA's protections extend to *active duty* military personnel. Id. SCRA allows for a stay of any civil action in which a servicemember is a party as long as certain conditions are met. Black, 2008 WL 2119914.

> An application for a stay under [SCRA] . . . shall include the following:
>
> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current miliary duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 App. U.S.C. § 522(b)(2); see also Black, 2008 WL 2119914 at *1. Furthermore, Plaintiff has an obligation to "demonstrate [to] the court the manner in which his military duty affects his

---

Rules.

2

ability to appear in a civil proceeding, and for how long, and to otherwise satisfy the court that his rights will be prejudiced in the absence of a stay." Black, 2008 WL 2119914 at *1.

Plaintiff has failed to make the necessary showing to warrant the entry of a stay under SCRA. The Court, therefore, denies Plaintiff's motion without prejudice to refiling in accord with the statutory requirements.


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
January 2, 2013