UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOE KLUNDER,
                Plaintiff,

v.                                                      C.A. No. 10-410 ML

TRUSTEES AND FELLOWS OF THE COLLEGE
OR UNIVERSITY IN THE ENGLISH COLONY OF
RHODE ISLAND AND PROVIDENCE PLANTATIONS, IN
NEW ENGLAND, IN AMERICA, later known as BROWN
UNIVERSITY IN PROVIDENCE IN THE STATE OF RHODE
ISLAND, AND PROVIDENCE PLANTATIONS; RUTH
SIMMONS (in her individual and official capacities);
CARLA HANSEN (in her individual and official capacities);
MARGARET KLAWUNN (in her individual and official capacities);
TERRY ADDISON (in his individual and official capacities);
J. ALLEN WARD (in his individual and official capacities);
RICHARD BOVA (in his individual and official capacities);
ROBERT ENOS (in his individual and official capacities);
PHILIP GRUPPUSO (in his individual and official capacities);
DAVID KERTZER (in his individual and official capacities);
YOLANDA CASTILLO APPOLLONIO, ESQ. (in her individual
and official capacities); JANE DOE, ESQ. (a Brown University
attorney presently unknown to Plaintiff) (in her individual and
official capacities),
                Defendants.

## MEMORANDUM AND ORDER

Plaintiff, Joe Klunder ("Plaintiff") has filed a motion to amend his complaint. Docket # 54. Defendants object on several grounds. Docket # 58. For the reasons stated herein Plaintiff's motion is denied.

## Background

In October of 2010, Plaintiff filed an eleven-count complaint against Brown University

("Brown") and individuals associated with Brown (collectively "Defendants") alleging violations of 42 U.S.C. § 1983 and Rhode Island law.  The allegations in the complaint arise from actions taken by Brown, from 2005 through 2007, during a disciplinary process involving Plaintiff.  The parties filed cross-motions for summary judgment as to Count I (§ 1983 claim) of the complaint and the Court has ruled on those motions.  Defendants have also filed a motion to dismiss and the Court has also ruled on that motion.

On December 12, 2012, one day before discovery was to close, Plaintiff filed the instant motion to amend the complaint.  The amendment proposes adding one new count: an alleged violation of the Rhode Island Confidentiality of Health Care Communications and Information Act ("Act"), R.I. Gen. Laws §§ 5-37.3-1 to 5-37.3-11.  Plaintiff claims that "[d]uring the course of this litigation" Brown violated the Act by disclosing, *to its counsel*, Plaintiff's confidential medical records.  Proposed Amended Complaint at ¶ 140; Docket # 54-3.  Plaintiff claims he learned of the alleged violation during his deposition on October 2, 2012.[1]

## Analysis

Fed. R. Civ. P. 15(a)(2) reflects a liberal amendment policy and provides that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Even so, the district court enjoys significant latitude in deciding whether to grant leave to amend. . ." and the First Circuit "defer[s] to the district court's decision if any adequate reason for the denial is apparent on the record."  United States ex rel. v. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (internal quotation marks and citation omitted).  "Reasons for denying leave

---

[1] Plaintiff does not explain why it took him over two months to move to amend the complaint.

include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." Id.

The original complaint asserts claims regarding the actions Brown took against Plaintiff during the disciplinary process. The facts supporting the additional count in the proposed amended complaint took place at least some three years after the operative facts alleged in the original complaint. The new count in the proposed amended complaint is based solely on Brown's wholly unrelated alleged breach of the Act, occurring at some point after Plaintiff had been removed from the Brown campus and suspended and *after* Plaintiff filed the original complaint. The additional count in the proposed amended complaint does not arise from the same operative facts as those in the initial complaint.

Permitting Plaintiff to amend the complaint at this stage of the proceedings would require additional discovery, confuse the issues, and further protract the final disposition of this case. "Courts may deny motions to amend if the amendments add new legal theories that are unrelated to the claims already in the lawsuit." Ybarra v. Arkansas Department of Correction, No. 1:11CV00057 JMM/BD, 2011 WL 4352115, at *1 (E.D. Ark. August 30, 2011), report and recommendation adopted, No. 1:11 CV00057 JMM/BD, 2011 WL 4344152 (E.D. Ark. Sept 16, 2011); Bediako v. Stein Mart, Inc., 354 F.3d 835, 841 (8th Cir. 2004) (when "late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion due to the prejudice involved") (internal quotation marks and citation omitted); Oliver v. Dow, No. 10-1542 (DMC) (JAD), 2012 WL 1883921, at *5 (D.N.J. May 22, 2012) (denying motion to amend where claims plaintiff sought to add were "unrelated to his original complaint, as they do not arise out of the same transactions

or occurrences upon which the original action is premised").

Furthermore, the amendment alleges that "litigation counsel for Brown . . . obtained access to confidential medical records and information maintained by Brown Medical Services . . . ." Proposed Amended Complaint at ¶ 140; Docket # 54-3.  Thus, it appears that either in the prosecution or defense of the proposed claim, Brown's attorneys are potential witnesses. Allowing the proposed amendment may require Brown to change counsel at this late stage in the litigation.

The new claim alleged in the proposed amended complaint is completely unrelated, both factually and temporally, to the claims asserted in the original complaint.  The Court concludes that allowing Plaintiff to amend the complaint to add the count alleging a violation of the Act, at this stage of the proceedings, would unduly prejudice Defendants.

For the reasons stated, Plaintiff's motion is denied.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge
January 30 , 2013