UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOE KLUNDER,
                Plaintiff,

v.                                                C.A. No. 10-410 ML

TRUSTEES AND FELLOWS OF THE COLLEGE
OR UNIVERSITY IN THE ENGLISH COLONY OF
RHODE ISLAND AND PROVIDENCE PLANTATIONS, IN
NEW ENGLAND, IN AMERICA, later known as BROWN
UNIVERSITY IN PROVIDENCE IN THE STATE OF RHODE
ISLAND, AND PROVIDENCE PLANTATIONS; RUTH
SIMMONS (in her individual and official capacities);
CARLA HANSEN (in her individual and official capacities);
MARGARET KLAWUNN (in her individual and official capacities);
TERRY ADDISON (in his individual and official capacities);
J. ALLEN WARD (in his individual and official capacities);
RICHARD BOVA (in his individual and official capacities);
ROBERT ENOS (in his individual and official capacities);
PHILIP GRUPPUSO (in his individual and official capacities);
DAVID KERTZER (in his individual and official capacities);
YOLANDA CASTILLO APPOLLONIO, ESQ. (in her individual
and official capacities); JANE DOE, ESQ. (a Brown University
attorney presently unknown to Plaintiff) (in her individual and
official capacities),
                Defendants.

MEMORANDUM AND ORDER

Plaintiff, Joe Klunder ("Plaintiff") has filed a second motion to amend his complaint. Docket # 61. Defendants object on several grounds. For the reasons stated herein Plaintiff's motion is denied.

Background

In October of 2010, Plaintiff filed an eleven-count complaint against Brown University

("Brown") and individuals associated with Brown (collectively "Defendants") alleging violations of 42 U.S.C. § 1983 and Rhode Island law.  The complaint arises from actions taken by Brown, from 2005 through 2007, during a disciplinary process involving Plaintiff.  The parties filed cross-motions for summary judgment as to Count I (§ 1983 claim) of the complaint and the Court has ruled on those motions.  Defendants have also filed a motion to dismiss and the Court has also ruled on that motion.

On December 12, 2012, one day before discovery was to close, Plaintiff filed his first motion to amend the complaint.  Docket # 54.  The Court denied that motion.  Docket # 68.  On January 7, 2013, some three weeks after discovery closed, Plaintiff filed the instant motion to amend the complaint.  In this second motion to amend the complaint, Plaintiff purports to add a claim under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189, against Defendants Brown, Philip Gruppuso and Margaret Klawunn.

Analysis

Fed. R. Civ. P. 15(a)(2) reflects a liberal amendment policy and provides that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Even so, the district court enjoys significant latitude in deciding whether to grant leave to amend. . ." and the First Circuit "defer[s] to the district court's decision if any adequate reason for the denial is apparent on the record."  United States ex rel. v. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (internal quotation marks and citation omitted).  "Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment."  Id.

In his proposed amended complaint, Plaintiff seeks money damages; he has not requested injunctive or other equitable relief. An "unbroken skein of cases makes manifest that money damages are not an option for private parties suing under Title III of the [American with Disabilities Act]." Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006); see also Dudley v. Hannaford Bros. Co., 333 F.3d 299 (1st Cir. 2003) (Title III of the American with Disabilities Act allows only injunctive relief and not money damages); Zona v. Clark University, 436 F. Supp. 2d 287 (D. Mass. 2006) (same).

The Court concludes that Plaintiff's proposed amendment is futile as it does not set forth a viable cause of action. Plaintiff's motion is denied.


SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
January 30 , 2013