UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


JOE KLUNDER,
                          Plaintiff,


            v.                                                       C.A. No. 10-410 ML


TRUSTEES AND FELLOWS OF THE COLLEGE
OR UNIVERSITY IN THE ENGLISH COLONY OF
RHODE ISLAND AND PROVIDENCE PLANTATIONS, IN
NEW ENGLAND, IN AMERICA, later known as BROWN
UNIVERSITY IN PROVIDENCE IN THE STATE OF RHODE
ISLAND, AND PROVIDENCE PLANTATIONS; RUTH
SIMMONS (in her individual and official capacities);
CARLA HANSEN (in her individual and official capacities);
MARGARET KLAWUNN (in her individual and official capacities);
TERRY ADDISON (in his individual and official capacities);
J. ALLEN WARD (in his individual and official capacities);
RICHARD BOVA (in his individual and official capacities);
ROBERT ENOS (in his individual and official capacities);
PHILIP GRUPPUSO (in his individual and official capacities);
DAVID KERTZER (in his individual and official capacities);
YOLANDA CASTILLO APPOLLONIO, ESQ. (in her individual
and official capacities); JANE DOE, ESQ. (a Brown University
attorney presently unknown to Plaintiff) (in her individual and
official capacities),
                          Defendants.


MEMORANDUM AND ORDER

I.  Procedural Background

        This matter is before the Court on Plaintiff's motion to alter/amend judgment pursuant to

Fed. R. Civ. P. 59(e).  Docket # 79.  Plaintiff asks this court to "reconsider" two rulings on

dispositive motions filed by Defendants.  See Docket ## 45, 76.  For the reasons set forth below,

Plaintiff's motion to alter/amend judgment is DENIED.


1

## II.  Standard of Review

The decision to grant or deny a Fed. R. Civ. P. 59(e) motion is committed to the "wide discretion" of the district court.  Markel American Insurance Co. v. Diaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012).  "Generally, to prevail on a Rule 59(e) motion, the moving party must either clearly establish a manifest error of law or must present newly discovered evidence."  Id. (internal quotation marks and citation omitted); see also Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (noting four grounds for granting Rule 59(e) relief "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law").

"It is inappropriate to use a Rule 59(a) motion to repeat old arguments previously considered and rejected."  In re Plaza Resort at Palmas, Inc., ___ F. Supp. 2d ____, 2013 WL 1769799 (D.P.R. April 25, 2013) (internal quotation marks and citation omitted).  In addition, a party moving for Rule 59(e) relief may not present new arguments if such arguments "could and should have been made before judgment issued."  Markel, 674 F.3d at 32 (internal quotation marks and citation omitted).

## III. Analysis

Plaintiff argues that the false arrest, false imprisonment, civil conspiracy and the failure to train/supervise claims were dismissed by the Court based on an erroneous application of the statute of limitations.  Plaintiff argues that the Court failed to consider the tolling provision of R.I. Gen. Laws § 9-1-18.

Defendants moved for summary judgment on the civil conspiracy and failure to train/supervise claims, inter alia, based on statute of limitations grounds.  Plaintiff did not raise

R.I. Gen. Laws § 9-1-18 in his response.  See generally Markel, 674 F.3d at 32 (party may not

present a new argument if the argument could or should have been made before judgement

issued).  In the motion to dismiss, Defendants moved to dismiss the false arrest and false

imprisonment claims based on statute of limitations grounds.  The Court considered Plaintiff's §

9-1-18 argument and found that "R.I. Gen. Laws § 9-1-18 does not assist Plaintiff's position."

Memorandum and Order; Docket # 51 at 4 n.2.  Thus, the Court has previously considered and

rejected Plaintiff's theory.  See generally  In re Plaza Resort, ___ F. Supp. 2d ____, 2013 WL

1769799 (inappropriate to use Rule 59(e) motion to repeat arguments considered and rejected by

the Court).


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
June 4, 2013