UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOE KLUNDER,
                Plaintiff,

      v.                                                                                                               C.A. No. 10-410 ML

TRUSTEES AND FELLOWS OF THE COLLEGE
OR UNIVERSITY IN THE ENGLISH COLONY OF
RHODE ISLAND AND PROVIDENCE PLANTATIONS, IN
NEW ENGLAND, IN AMERICA, later known as BROWN
UNIVERSITY IN PROVIDENCE IN THE STATE OF RHODE
ISLAND, AND PROVIDENCE PLANTATIONS; RUTH
SIMMONS (in her individual and official capacities);
CARLA HANSEN (in her individual and official capacities);
MARGARET KLAWUNN (in her individual and official capacities);
TERRY ADDISON (in his individual and official capacities);
J. ALLEN WARD (in his individual and official capacities);
RICHARD BOVA (in his individual and official capacities);
ROBERT ENOS (in his individual and official capacities);
PHILIP GRUPPUSO (in his individual and official capacities);
DAVID KERTZER (in his individual and official capacities);
YOLANDA CASTILLO APPOLLONIO, ESQ. (in her individual
and official capacities); JANE DOE, ESQ. (a Brown University
attorney presently unknown to Plaintiff) (in her individual and
official capacities),
                Defendants.

## MEMORANDUM AND ORDER

      Defendants have filed a motion for bill of costs wherein they seek costs associated with

the deposition transcripts of Plaintiff and nine other individuals associated with Brown

University. Plaintiff objects contending that the motion is premature and that Defendants'

documentation is insufficient to support the motion. For the reasons set forth below, Defendants'

1

motion is granted in part and denied in part.

Analysis

This Court granted Defendants' motion for summary judgment and entered judgment on May 9, 2013. Prevailing parties may move for an award of costs pursuant to Fed. R. Civ. P. 54(d)(1). See generally Downeast Ventures, Ltd. v. Washington County, No. 05-87-BW, 2007 WL 3023019 (D. Me. Oct. 10, 2007).[1] "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable as costs. 28 U.S.C. § 1920(2). Deposition costs "are taxable if they are either introduced into evidence or used at trial . . . and [i]t is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put into evidence or used at trial." Bergeron v. Cabral, 393 Fed. App'x 733, 735 (1st Cir. 2010) (unpublished) (internal quotation marks and citation omitted). The "justification for taxing the expense of a deposition that is introduced into evidence also supports taxing the expense of a deposition employed on a successful motion for summary judgment." Id. The burden of substantiating taxable costs is on the requesting party. Zopatti v. Rancho Dorado Homeowners Association, No. 10CV1091 DMS (WVG), 2012 WL 92338 (S.D. Cal. January 10, 2012).

1. Plaintiff's Deposition Transcript

Defendants provided the Court with a copy of the invoice for the transcript of Plaintiff's deposition. The invoice reflects an appearance fee of $125, a transcript fee of $900, and a shipping fee of $8, for a total fee of $1,033. Plaintiff objects to the appearance fee and shipping

---

[1] Local Rule Cv 54 provides that within "14 days after entry of judgment, a party seeking an award of costs shall file and serve on all other parties a bill of costs." D.R.I. LR Cv 54(a). Defendants' motion is not premature.

2

charge and contends that it is impossible to determine if the transcript fee is reasonable because the invoice does not specify a cost per page.

Plaintiff's deposition transcript is 238 pages. Based on the transcript charge of $900, the cost per page of Plaintiff's deposition transcript is $3.78. The Court finds this cost reasonable. See generally King v. Lukens, No. 2:10-cv-0061-JMS-WGH, 2013 WL 1975910 (S. D. Indiana May 13, 2013) (noting United States Judicial Conference transcript rate of $3.65 per page). Postage and shipping costs, however, may not be charged as taxable costs. See generally United States v. Davis, 87 F. Supp. 2d 82 (D.R.I. 2000). Appearance fees, however, are taxable as costs. Id. Defendants are granted taxable costs in the amount of $1,025 (transcript fee of $900 + appearance fee of $125).

### 2. Other Deposition Transcripts

Defendants also seek reimbursement for the deposition transcripts of nine other individuals associated with Brown. The invoice provided to the Court by Defendants lists a total cost of $1,165 for nine individual deposition transcripts. The invoice, however, does not break down the cost for each individual transcript and the Court has not been provided with adequate information to calculate a cost per page. Thus, the Court cannot determine whether the total transcript fee is reasonable under the circumstances. As a result, the motion is denied with respect to the cost of these transcripts.

SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
June 6, 2013